IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 87-34-1-JJF |
| CHARLES MICHAEL KEMP, | : | |
| Defendant. | : | |

David C. Weiss, Esquire, United States Attorney and David L. Hall, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Charles Michael Kemp, Pro Se Defendant.

**MEMORANDUM OPINION**

July 15, 2010

Wilmington, Delaware

Farnan, District Judge

Pending before the Court is a Motion Under Rule 35(a) Of The Federal Rules Of Criminal Procedure To Correct An Illegal Special Parole Term (D.I. 266) filed by Defendant, Charles Michael Kemp. For the reasons set forth below, Defendant's Motion will be denied.

I.   PARTIES' CONTENTIONS

On September 1, 1987, Defendant was sentenced to 16 years imprisonment in connection with his conviction for conspiracy to distribute and possess with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841. Defendant was also sentenced to a term of three years of special parole and a five year term of probation beginning upon his release from imprisonment, both in connection with his conviction for distribution of cocaine in violation of 21 U.S.C. § 841.

By his Motion, Defendant contends that the three year term of special parole imposed by the Court is unlawful. Defendant contends that "[s]pecial parole . . . has been abolished because Title 21 U.S.C. Sections 846 and 841(b)(1)(A) did not provide for a special parole term at the time of [Defendant's] conviction and sentence." (D.I. 266 at 2). In support of his argument, Defendant relies primarily on the Supreme Court's decision in Bifulco v. United States, 447 U.S. 381 (1980). Defendant also contends that various amendments to Section 841 resulted in the

1

elimination of special parole terms for violations of Section 841(b)(1)(A) that occurred between October 12, 1984 and November 1, 1987. (D.I. 266 at 4).

The Government has filed a response to the Motion contending that Defendant is not entitled to relief. (D.I. 270). According to the Government neither <u>Bifulco</u>, nor the "anomaly" in sentencing that existed between October 12, 1984 and November 1, 1987 apply to Defendant.

## II. DISCUSSION

Under the Supreme Court's decision in <u>Bifulco</u>, a sentencing court is prohibited from imposing a special parole term under 21 U.S.C. § 846. 447 U.S. at 400-401. However, <u>Bifulco</u> does not apply to a sentence for violation of Section 841, and in this case, Defendant was sentenced to the term of special parole in connection with his Section 841 conviction. <u>See</u> e.g., <u>U.S. v. Pillo</u>, 820 F. Supp. 223, 225 (E.D. Pa. 1993). Accordingly, the Court concludes that Defendant is not entitled to relief under <u>Bifulco</u>.

With respect to Defendant's second argument concerning the elimination of special parole from October 12, 1984 until November 1, 1987, the Court likewise concludes that Defendant is not entitled to relief. In <u>Gozlon-Peretz v. United States</u>, 498 U.S. 395, 399-400 (1991), the Supreme Court explained the history of Section 841 and the transition from special parole to

2

supervised release that gives rise to Defendant's argument here. When first enacted, the Controlled Substances Act (codified at 21 U.S.C. § 841(b) required a mandatory three year term of special parole for offenders convicted of the distribution of Schedule I or II narcotics like cocaine. However, in 1984, Congress enacted the Controlled Substance Penalties Amendments Act, which increased the maximum prison terms available under the Controlled Substances Act for offenses involving large quantities of cocaine. However, the amendments effectuated by this statute did not provide a term of special parole for these offenses. As a result:

> Persons convicted of crimes involving lesser amounts of narcotic and nonnarcotic substances remained subject to the penalties applicable to offenses committed before the 1984 amendments, including special parole. Thus, while increasing the maximum terms of imprisonment for large-scale narcotics offenses, the [October 12,] 1984 amendments created a peculiar situation in which small-time offenders were subject to special parole, while big time offenders were not.

Gozlon-Peretz, 498 U.S. at 399-400.

In this case, Defendant committed the Section 841 offense between April 1983 and May 1984. Therefore, the Court concludes that his sentence comports with the sentencing statutes that were in effect at the time of the offenses, and the 1984 amendments which created the October 12, 1984 to November 1, 1987 gap referred to by Defendant, do not apply to his sentence. See e.g., U.S. v. Mannino, 780 F. Supp. 995, 997-998 (S.D.N.Y. 1991)

3

(declining to apply Section 841 amendments related to special parole to defendant who pled guilty to offenses committed before the effective date of the amendments, and noting that special parole was a mandatory sentence for offenses committed in May and July of 1984). Accordingly, the Court will deny Defendant's Motion.

### III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion Under Rule 35(a) Of The Federal Rules Of Criminal Procedure To Correct An Illegal Special Parole Term.

An appropriate Order will be entered.